BENEDICT & WARNER v. UNITED STATES.

(Circuit Court, S. D. New York. November 11, 1904.)

No. 3,421.

CUSTOMS DUTIES—CLASSIFICATION—ROCK CRYSTAL INTAGLIOS—PAINTED PRE-
CIOUS STONES.

In construing the provision in paragraph 435, Tariff Act July 24, 1897,
c. 11, § 1, Schedule N, 30 Stat. 192 [U. S. Comp. St. 1901, p. 1676], for
"precious stones advanced in condition or value from their natural state
by cleaving, splitting, cutting, or other process," in reference to intaglios
incised in rock crystal (a precious stone), which have been attractively
and skillfully painted, the value and salability of the articles being chiefly
attributable to the painting, held, that the words "or other process" in-
clude such process of painting, and that such intaglios are dutiable under
said provision, rather than as manufactures of rock crystal, not specially
provided for, under paragraph 115 of said act, c. 11, § 1, Schedule B, 30
Stat. 159 [U. S. Comp. St. 1901, p. 1636].

On Application for Review of a Decision of the Board of General
Appraisers.

The decision under consideration (G. A. 5,402, T. D. 24,614) affirmed
the assessment of duty by the collector of customs at the port of New
York on merchandise imported by Benedict & Warner.

Curie, Smith & Maxwell (W. Wickham Smith, of counsel), for ap-
pellants.

Charles Duane Baker, Asst. U. S. Atty.

HAZEL, District Judge. The importation herein consists of rock
crystal intaglios painted. Rock crystal is admittedly a precious stone,
and, in the form as assessed for duty, is useful only for scarf pins or
brooches. Duty was assessed at 50 per centum ad valorem, under par-
agraph 115 of Tariff Act July 24, 1897, c. 11, § 1, Schedule B, 30
Stat. 159 [U. S. Comp. St. 1901, p. 1636], as "manufactures of rock
crystal." The importers claim this liquidation and assessment to have
been erroneous, and that a duty of 10 per centum ad valorem, under
paragraph 435 (Schedule N, 30 Stat. 192 [U. S. Comp. St. 1901, p.
1676]), as "precious stones advanced in value," would have been proper
and in accordance with the statute. The paragraph in question spe-
cifically refers to "precious stones advanced in condition or value from
their natural state by cleaving, splitting, cutting, or other process."
The Board of General Appraisers, in an exhaustive and apparently
well-considered opinion, reached the conclusion that the words "or
other process," in paragraph 435, were restricted to processes of the
same description, such as cutting, splitting, or cleaving. The govern-
ment claims that the intaglio, representative of a head or figure incised
in the rock crystal, was attractively, skillfully, and expensively painted,
and that its value was chiefly attributable to the painting, which em-
bellished and beautified its appearance and added to its salability. All
this is unquestionably true. Nevertheless a fair interpretation of the
words "or other process," found in paragraph 435, includes the process
of painting or coating, as applied to precious stones. It was not seri-
ously denied on the argument that the principle enunciated in Hartranft

v. Wiegmann, 121 U. S. 609, 7 Sup. Ct. 1240, 30 L. Ed. 1012, controlled the disposition of this controversy. In that case the importation consisted of shells of which the epidermis was removed, and which were then embellished and prepared for the market by cleaning with acid and grinding on an emery wheel to expose the pearly interior. They were generallly sold for ornaments, and were also useful for buttons, handles of penknives, etc. The Lord's Prayer was painted or superimposed on some. The court held that grinding and polishing the shells for the market did not advance them beyond the condition of shells. The language of the court upon this point applies here, and may be appropriately quoted:

"We are of opinion that the shells in question here were not manufactured, and were not manufactures of shells, within the sense of the statute imposing a duty of 35 per centum upon such manufactures, but were shells not manufactured, and fell, under that designation, in the free list. They were still shells. They had not been manufactured into a new and different article, having a distinctive name, character, or use from that of shell. The application of labor to an article, either by hand or mechanism, does not make the article necessarily a manufactured article, within the meaning of that term as used in the tariff law."

This case apparently was not called to the attention of the Board of General Appraisers. Moreover, it is believed that paragraph 115 is not intended to refer to articles of this character. True, the broad language employed has reference to manufactures of rock crystal and other precious stones, but consideration of the more specific provision of paragraph 435 constrains me, though not without doubt, to hold that articles of the kind in question were not intended to be assessed for duty under that provision. The questions presented are not free from doubt. Such indicated state of mind, however, according to the highest authority, must be resolved in favor of the importer. Hartranft v. Wiegmann, supra.

The decision of the Board of General Appraisers is reversed.